**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Stephanie Lara Toler,
Petitioner Below, Petitioner

**v.) No. 24-58** (23-ICA-352)

West Virginia Regional Jail and
Correctional Facility Authority
and David Farmer, Executive Director,
Respondents Below, Respondents

# MEMORANDUM DECISION

Petitioner Stephanie Lara Toler appeals the December 19, 2023, order of the Intermediate Court of Appeals of West Virginia ("ICA") in which the ICA refused the petitioner's motion for leave to file out of time to perfect her appeal and refused the petitioner's motion for leave to exceed the page limit as moot and, thereby, dismissed the petitioner's appeal.[1] The petitioner contends that the ICA erred in dismissing the appeal and failing to find that the circuit court erred in granting summary judgment to the respondents, West Virginia Regional Jail and Correctional Facility Authority and David Farmer, the executive director of West Virginia Regional Jail and Correctional Facility Authority (collectively "the respondents").[2] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's dismissal of the petitioner's appeal is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner was employed as a correctional officer by the respondents. In 2017, an incident occurred in which an inmate escaped and was apprehended four days later. An investigation regarding the escape incident occurred, and, as a result, the petitioner's employment was terminated.

---

[1] The petitioner is represented by counsel Clinton W. Smith, and the respondents are represented by counsel Bryan R. Cokeley and Mark C. Dean.

[2] The 2018 Legislature reorganized Corrections and transferred most of the functions of the West Virginia Regional Jail and Correctional Facility Authority to the newly-established Division of Corrections and Rehabilitation. Mr. Farmer is presently not the executive director of the now-abolished West Virginia Regional Jail and Correctional Facility Authority, as that position no longer exists. *See* W. Va. Code § 15A-3-2(c).

On April 6, 2018, the petitioner initiated an action asserting gender discrimination in violation of the West Virginia Human Rights Act, West Virginia Code §§ 5-11-1 to -20.[3] The petitioner alleged that while she and other employees were terminated, there were still other employees who took part in alleged misconduct in response to the escape incident who were not disciplined or terminated. The respondents filed a motion to dismiss or, in the alternative, for summary judgment ("motion for summary judgment") asserting that the petitioner's claim was barred by sovereign immunity and must be dismissed or, in the alternative, that the petitioner was not terminated based on her gender and, therefore, the respondents were entitled to summary judgment. On February 23, 2023, the circuit court heard argument by the parties on the motion for summary judgment.

Thereafter, the circuit court advised the parties of its decision to grant summary judgment to the respondents and directed the respondents to draft and submit a proposed order to the court. The respondents submitted a proposed order. The petitioner filed objections to the proposed order and a motion for reconsideration of the granting of summary judgment. On July 5, 2023, the circuit court entered an order denying the petitioner's motion for reconsideration and granting summary judgment to the respondents.

On August 4, 2023, the petitioner filed with the ICA a notice of appeal of the circuit court's July 5, 2023, order. The ICA entered a scheduling order setting November 6, 2023, as the deadline for the petitioner to perfect the appeal, and the scheduling order stated that if the appeal was not perfected on or before that date, the appeal would be dismissed. On November 6, 2023, the petitioner filed a motion for leave to file out of time to perfect her appeal, setting forth as good cause grounds technological problems experienced by her counsel. On November 13, 2023, the ICA granted the petitioner's motion and entered an amended scheduling order setting November 17, 2023, as the new deadline to perfect the appeal. The petitioner's brief perfecting her appeal was not filed by the November 17, 2023, deadline. On December 8, 2023, the petitioner filed her brief and appendix, along with a second motion for leave to file out of time to perfect the appeal and a motion for leave to exceed the page limit for the brief. The grounds advanced for the two motions included the petitioner's counsel's continued technological problems, the voluminous nature of the appendix, illness and family emergencies of the petitioner's counsel's staff members, and the petitioner's counsel's previously scheduled court appearances and obligations to other clients, which collectively caused delay in perfecting the appeal.

On December 13, 2023, the respondents filed a response to the petitioner's second motion for leave to file out of time to perfect the appeal and asserted, among other things, that a vast majority of the appendix submitted to the ICA was irrelevant and that the time taken for the petitioner's counsel to assemble the appendix was not "good cause" to excuse the untimely perfection of the appeal since parties are encouraged to limit an appendix and are "discouraged from including the entire record of the case in the lower tribunal" in an appendix. *See* W. Va. R. App. P. 6. The petitioner did not file a reply.

On December 19, 2023, the ICA entered an order refusing the petitioner's second motion for leave to file out of time to perfect the appeal and refusing the petitioner's motion for leave to

---

[3] In 2024, the Legislature repealed West Virginia Code §§ 5-11-1 to -20 and reenacted the West Virginia Human Rights Act at West Virginia Code §§ 16B-17-1 to -20 (2024).

exceed the page limit as moot, and thereby dismissing the appeal pursuant to Rule 5(g) of the West Virginia Rules of Appellate Procedure.[4] The ICA stated:

> Petitioner failed to establish good cause for an extension of time as required by Rules 5(i)(2) and 39(b) of the [West Virginia] Rules of Appellate Procedure.[5] Moreover, Petitioner failed to request the extension prior to the expiration of the previously granted extension to the four-month period to perfect the appeal as required by West Virginia Code § 58-5-4.[6]

(Footnotes added).

The petitioner now appeals the ICA's dismissal order. On appeal, the petitioner raises four assignments of error. The first assignment of error asserts that the ICA erred in dismissing the petitioner's appeal by refusing her motion for leave to file out of time and refusing her motion for leave to exceed the page limit, while assignments of error two through four invite this Court to examine the circuit court's ruling on summary judgment in favor of the respondents. However,

---

[4] West Virginia Rule of Appellate Procedure 5(g) provides:

> *Perfecting the appeal—method.* An appeal is perfected by timely and properly filing, with the Clerk (1) the petitioner's brief prepared in accordance with Rule 10 and (2) the appendix record prepared in accordance with Rule 7, unless the court has specifically provided by order that an appendix record is not required. Failure by the petitioner to perfect an appeal will result in the case being dismissed from the docket.

*Id.*

[5] The ICA may extend the time to perfect an appeal, for good cause shown, and any motion to extend the time to perfect an appeal "must state with particularity the reasons why an extension is necessary." W. Va. R. App. P. 5(i)(2). Further, the ICA, for good cause shown, "may permit an act to be done after the expiration of such time." W. Va. R. App. P. 39(b).

[6] West Virginia Code § 58-5-4 (1998) provides as follows:

> No petition shall be presented for an appeal from any judgment rendered more than four months before such petition is filed with the clerk of the court where the judgment being appealed was entered: Provided, That the judge of the circuit court may, prior to the expiration of such period of four months, by order entered of record extend and reextend such period for such additional period or periods, not to exceed a total extension of two months, for good cause shown, if the request for preparation of the transcript was made by the party seeking such appellate review within thirty days of the entry of such judgment, decree or order.

This code section was amended, effective July 9, 2025, to provide that the time for filing a notice of appeal, perfecting an appeal, and filing related documents is in accordance with rules promulgated by the Supreme Court of Appeals.

since the ICA dismissed the appeal before considering and reaching a decision on the merits of whether the circuit court erred below, the scope of this Court's review is limited to consideration of the ICA's dismissal of the appeal. This Court has previously held that "[w]e apply a de novo standard of review to an order from the Intermediate Court of Appeals of West Virginia granting a motion to dismiss an appeal." Syl. Pt. 1, *Aaron W. v. Evelyn W.*, 251 W. Va. 1, 909 S.E.2d 36 (2024).

The record submitted reveals that the petitioner failed to perfect her appeal by the extended deadline of November 17, 2023, and then, twenty-one days after that deadline, filed her brief and appendix, accompanied by a second motion for leave to file out of time to perfect the appeal and a motion for leave to exceed the page limit. Due to the petitioner's untimeliness in perfecting her appeal and failure to request a second extension prior to the expiration of the extended deadline of November 17, 2023, the ICA, relying on Rule 5(g) of the West Virginia Rules of Appellate Procedure, appropriately determined that the petitioner had failed to timely perfect her appeal resulting in the action being dismissed.[7]

Accordingly, we find that the ICA did not err in dismissing the petitioner's appeal. We, therefore, affirm the dismissal order of the ICA.

Affirmed.

**ISSUED:** March 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[7] We take notice that, based on the record, the ICA could have additionally relied upon Rules 5(e) and 31(b) of the West Virginia Rules of Appellate Procedure to dismiss the appeal. Rule 5(e) provides that the ICA may dismiss an appeal for failing to comply with a scheduling order, and Rule 31(b) allows the ICA to dismiss an appeal for, among other things, failure to perfect the appeal and failure to obey an order.